Freedman, J.
By the acts of Congress (Act of 1863, 12 U. S. Stat. at L., 956, § 5, as amended by the Act of 1866, 14 U. S. Stat. at L., 46, §§ 3 and 4), it is provided that if any suit or prosecution, civil or criminal, has been or shall be commenced in any State court against any officer, civil or military, or against any other person, for any arrest or imprisonment made, or other trespasses or wrongs done, or committed, or any act omitted to be done, at any time during the rebellion, by virtue or under color of any authority derived from or exercised by or under the president of the United States, or any act of Congress, and the defendant shall before or after appearance and the filing of his plea or other defense in said court, or at any term of said court subsequent to the term when the appearance is entered, and before a jury is impanneled to try the same, file a petition, stating the facts and verified by affidavit, for the removal of the cause for trial at the next circuit court of the United States, to be liolden in the district where the suit is pending, all further proceedings in the State court shall, on the filing of the petition verified as aforesaid, cease and shall not be resumed until a certificate under the seal of the circuit court of the United States stating that the petitioner has failed to file in the said circuit court, at the next term thereof, copies of the process and other, proceedings had against him in the State court, is produced.
It is no longer necessary to file security;* but the filing of a petition, properly verified by an affidavit *65 valid in law, is indispensable ; and it lias been held by the general term of the supreme court of this district, in Jones v Seward (41 Barb., 269),' that when this requirement has been complied with, it is .the .duty of the State, court to desist from proceeding any further in the cause. Assuming this to be so, and it having been made to appear that a petition has been filed by the defendant with the view of obtaining the benefit of this Congressional enactment, the only question which can arise upon this motion is, whether the petition is properly verified, so as to entitle the defendant to use and rely upon it in opposition to the motion. After a careful examination of the statutes of the United States, as well as of this State, which designate the officers, before whom affidavits may be taken, and which provide for the authentication of the signatures of such officers, I have become satisfied that the verification of the petition on the files of this court is insufficient for that purpose.
Under the laws of the United States an affidavit, if made within the United States, and which is to be used in a State" other than the one in which it is made, may be taken before—
1. A judge of a court of the United States.
2. A commissioner appointed by a circuit court of the United-States, and an affidavit so taken has the like force as if taken before a judge (Act of February 20, 1812, 2 Stat. at L., 679, § 1; 1 Bright. Dig., 166).
' 3. ,A commissioner appointed by the superior court of an organized Territory of the United States- (Act of September 18, 1850, 9 Stat. at L., 462, § 1; 1 Bright. Dig., 167).
4. A clerk of a district or circuit court, who- is ex officio authorized to administer oaths, and take and certify affidavits and depositions in the same manner as commissioners (Act of February 26, 1853, 10 Stat. at L. 163, § 1; 1 Bright. Dig., 137).
*66 5. Any notary public, under his hand and official seal (Act of September 16, 1850, and Act of July 29, 1854).
The latter act authorizes notaries public to take depositions, and to do such other acts in relation to evidence to be used in the'courts of the United States, as United States commissioners may do.
6. A State magistrate, or certain United States officials, in certain cases, and for certain purposes only, if authorized by regulations of executive departments in the exercise of their powers, though not specially authorized by acts of Congress.
Under the laws of the State of Hew York, an affidavit taken in any other State or Territory, before the same can be used or read in evidence in this State, must be authenticated in one of the following modes: 1. It must be certified by some judge of a court having a seal,, to have been subscribed and taken before him, specifying the time and place, where taken, and the-genuineness of the signature of such judge, the existence of the court, and the fact that such judge is a member thereof, must be certified by the clerk of the court, under the seal thereof (Rev. Stat., § 25, ch. 7, tit. 3, art. 3, part 3; 3 Id., 5 ed., 678); or 2. By some officer -authorized by the laws of such other State or Territory to administer oaths and take and certify affidavits to be used in the courts of record of such State or Territory; but in such case there shall be stated in the body of the affidavit the name, residence', age, and occupation of, the deponent or affiant, and there shall be attached.to the jurat or affidavit a certificate under the name and official seal of the clerk, register, prothonotary, or other officer, authorized by the laws of such other State to. make such certificate, of the county in which, the officer taking and certifying such oath or affi-, davit .resided, specifying that such officer was, at the time of taking such oath or affidavit, duly authorized to *67 take the same, and that such clerk register, prothonotary, or other officer, is well acquainted with the hand-., writing of such officer, and verily believes that the signature to such jurat or certificate is genuine, and that such oath or affidavit purports to be taken in all re-, spects as required by the laws of such State or Territory (Laws of 1869, ch. 133, p. 241); or 3. By a commissioner residing in such other State or Territory appoint-, ed by the governor of this State for the purpose of administering oaths or affirmations (Laws of 1850, ch. 270, as amended by Laws of 1857, ch. 788).
In such case the affidavit must be certified and authenticated by such commissioner under his hand, and official seal, in the manner directed by the laws of. this State, and in addition thereto there must be subjoined or affixed to the certificate signed and sealed by. such commissioner as aforesaid, a certificate under the. hand and official seal of the secretary of state of this State, certifying that such commissioner was, at the time of administering such oath or affirmation, duly authorized to take the same, and that the secretary is acquainted with the hand-writing of such commissioner, or has compared the signature to such certificate with the signature of such commissioner deposited in his office, and has also compared the impression of the seal affixed to the certificate with the impression of the seal of such commissioner deposited in his office, and he verily believes the signature and impression of the seal of said certificate to be genuine (Laws of 1850, ch. 270, § 4).
By chapter 471 of Laws of 1862, p. 870, it is further provided: “ Any person holding the rank of colonel or any higher rank in the Yew York State Volunteers ■ in the service of the United States, and any commissioned officer in said service, and who is a counselor of the supreme court of this State, may administer and certify any oath or affirmation which any person may wish to *68 take or make, who is actually in the said volunteer service, whenever such officer or person shall be out of this State.”
The foregoing are all the statutory provisions of the State of Hew York which apply to affidavits taken in any other State or Territory of the United States.
The affidavit annexed to defendant’s petition was sworn to before Robert B. Caverly, residing at Lowell, in the commonwealth of Massachusetts, who certified' the same under 1ns hand and seal as an alleged commissioner of the State of Hew York, appointed pursuant to the laws of 1850 and 1857 of said State herein-before referred to; but there is no certificate of the secretary of state subjoined or affixed thereto. Hot being sworn to before a person authorized by Congress, it cannot be read in evidence in any court of the United States (Haight v. Proprietors of the Morris Aqueduct, 4 Wash. C. Ct., 601), and not being authenticated as prescribed by the laws of the State of Hew York, it cannot be used here, for the statute of 1850 provides not only that it shall not be read in evidence, but also that it shall not be used for any purpose whatsoever. In either aspect of the case, the defendant has failed to comply with essential provisions of law, upon the strict compliance with which the validity of his entire affidavit depends. He, therefore, has not complied with the requirements of the acts authorizing a removal of the case into the Federal courts and, consequently, the action has not been removed, but is still pending in this court.
Under these circumstances the plaintiff is entitled to an order requiring the defendant to show cause why an attachment should not issue.

In the case of Morey, Attomey-G-eneral Stanbebby gave his opinion that the right of removal, given by sections 3 and 4 of the act of May 11, 1866, attaches upon the filing of the petition, verified by affidavit, according to section 5 of the act of March 3, 1863, without giving security for filing copies of the papers in the circuit court, and without giving security for the appearance of the defendant in that court (12 Op. U. S. Att.-Gen., 109.)